# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MONTY KARST, Individually and as Executor
of the Estate of Donald D. Karst, and

TODD ALAN TEMPLETON,

    Defendants.

Case No. 24-4090-TC-ADM

## PRETRIAL ORDER

On July 28, 2025, U.S. Magistrate Judge Angel D. Mitchell conducted a pretrial conference in this case, by phone. Plaintiff United States appeared through counsel Virginia Giannini and Allison Rice. Defendants Monty Karst and Todd Alan Templeton (together, "defendants") appeared through counsel Joshua Albin.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(a).

1. **PRELIMINARY MATTERS.**

    a.     **Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked under 26 U.S.C. §§ 7402(a), 7404 and 28 U.S.C. §§ 1331, 1340, 1345, and is not disputed.

    b.     **Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed.

    c.     **Venue.** Venue in this court is not disputed.

**d.**     **Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that federal law governs the substantive issues in this case.

**2.**     **STIPULATIONS.**

**a.**     The following facts are stipulated for purposes of summary judgment and trial:

**i.**     Donald D. Karst resided in Russell County, Kansas.

**ii.**     Donald D. Karst was the owner of Don Karst Well Service, Inc., an independent oil and gas business based in Kansas.  He was also the 50% owner of Karst Brothers, an independent oil and gas business in Kansas.

**iii.**     On December 8, 1992, Donald D. Karst created the Donald D. Karst Revocable Trust ("Trust").  He transferred all of his then-owned property to the Trust upon its creation.  He intended for any property he subsequently acquired to also be owned by the Trust.

**iv.**     Also on December 8, 1992, Donald D. Karst signed his last will and testament.  By the terms of Donald D. Karst's will, any properties not owned by the Trust at the time of his death were conveyed to the Trust on the date of his death.

**v.**     Donald D. Karst died on September 15, 2007.

**vi.**     Monty Karst ("Karst") is a son of the deceased Donald D. Karst.

**vii.**     Todd Alan Templeton ("Templeton") is a son of the deceased Donald D. Karst.

**viii.**     On the date of Donald D. Karst's death, Karst and Templeton were the co-trustees of the Trust and co-executors of the Estate.

**ix.**     On September 24, 2007, Donald D. Karst's will was filed with the District Court of Russell County, Kansas.  An affidavit attached to the filed will identified Karst and Templeton as co-trustees of the Trust and heirs of the Estate.

**x.**     Karst and Templeton were the primary beneficiaries of the Trust and the Estate.

**xi.**     Karst received several assets from the Estate, including four parcels of property, 50% of Don Karst Well Service Inc. stock, 50% of a Wilson State Bank account value at $94,598.85, and 50% of oil and gas leases valued at $2,737,146 on the date of death.

2

**xii.** Templeton received several assets from the Estate, including three parcels of property, 50% of Don Karst Well Service Inc. stock, 50% of a Wilson State Bank account value at $94,598.85, and 50% of oil and gas leases valued at $2,737,146 on the date of death.

**xiii.** The Estate's Form 706 (federal estate tax return) reported a gross estate value (less exclusions) of $3,975,487.44.

**xiv.** All the Estate assets were in the Trust.

**xv.** The Estate reported owing $792,790.75 in estate taxes to the IRS.

**xvi.** A paid tax preparer at Thompson, Arthur, and Davidson prepared the Form 706.

**xvii.** Appraisals of the Estate's oil and gas leases from a certified public accountant and licensed petroleum engineer were submitted to the IRS with the Form 706 in support of the reported estate tax due.

**xviii.** Karst and Templeton signed the Form 706 as executors of the Estate.

**xix.** The IRS assessed estate tax due in the amount reported due by Karst and Templeton on the Form 706—$792,790.75.

**xx.** Karst and Templeton elected to pay the Estate's tax liability in installments as described in 26 U.S.C. § 6166.

**xxi.** The IRS approved the Estate's § 6166 election.

**xxii.** Karst and Templeton made payments towards the Estate's tax liability on June 15, 2009; June 15, 2010; June 13, 2011; June 14, 2012; June 17, 2013; June 16, 2014; and June 16, 2015.

**xxiii.** On June 16, 2015, the Estate requested an extension of time to make its next required installment payment. The IRS granted the extension.

**xxiv.** On June 17, 2016, the Estate requested a second extension of time to make its required installment payment. The IRS denied the extension.

**xxv.** Karst and Templeton stopped making payments towards the Estate's tax liability after June 16, 2015. They knew there was still an outstanding balance due.

      **xxvi.** Karst and Templeton defaulted on making the payments required under the § 6166 election.

      **xxvii.** On May 10, 2018, the IRS terminated the Karst Estate's § 6166 Installment Election, and a delegate of the Secretary of the Treasury gave notice and made a demand on the Estate for payment of the full balance due.

      **xxviii.** Despite notice and demand, the full amount of estate tax due, as admitted on the Estate's Form 706, which was signed by Karst and Templeton, plus applicable statutory additions, has not been paid.

      **xxix.** The Estate's election to defer full payment of the estate tax liability under § 6166 suspended the collection statute of limitations from the assessment date until the IRS terminated the § 6166 installment election and issued a notice and demand for payment of the balance due.

      **xxx.** As of June 30, 2025, the unpaid balance of the estate tax, interest, and penalty assessments against the Estate is $1,105,111.34, plus statutory additions that have and will continue accrue as allowed by law until the balance is paid in full.

**b.** The parties have stipulated to the admissibility of the following exhibits for purposes of summary judgment and trial:

      **i.** Ex. 1, Karst Estate Form 706 with attachments (USA000010-57)

      **ii.** Ex. 2, Last Will and Testament of Donald D. Karst (USA000060-61)

      **iii.** Ex. 3, Notice of Section 6166 Election (USA000026)

      **iv.** Ex. 5, Karst Estate Form 706 (no Bates)

      **v.** Ex. 6, Karst Estate Schedule F attachment to Form 706 (no Bates)

      **vi.** Exs. 8 & 11, defendants' responses to the United States' First Set of Requests for Admission

      **vii.** Exs. 9 & 13, defendants' responses to the United States' First Set of Interrogatories

      **viii.** Defendants' responses to the United States' Second Set of Requests for Admission

      **ix.** Certified copy of Certificate of Assessments, Payment and Other Specified Matters (Form 4340) for the estate tax liability at issue (USA000001-9)

  **x.**  Balance due computation from IRS Revenue Officer (to be updated to date certain, no Bates)

  **xi.**  Kendall Elliott, CPA valuation of Don Karst Well Service Inc., dated June 6, 2008 (no Bates)

**3.**  **FACTUAL CONTENTIONS.**

  **a.**  **Plaintiff's Factual Contentions.**

The United States demonstrated the valid assessment of the estate tax through the Form 4340 (*i.e.*, Certificate of Assessments, Payments, and Other Specified Matters).  This suit was timely brought. 26 U.S.C. § 6503(d); *United States v. Johnson*, 920 F.3d 639, 645-47 (10th Cir. 2019).  The Defendants do not dispute that they self-reported the estate tax due and that it was not paid in full.

  **b.** **Defendants' Factual Contentions.**

Serious economic downturns in 2016 caused the property's value and the income to seriously reduce, affecting the Estate's and the trustees' overall ability to make payments.  These economic downturns have compounded over the years as oil prices have continued to decrease while the cost of maintenance has continued to climb, further reducing the property's fair market value.

**4.**  **LEGAL CLAIMS AND DEFENSES.**

  **a.**  **Plaintiff's Claims.**

  **i.**  **Judgment for Unpaid Tax against the Estate of Donald D. Karst, through Karst (Count I).**  The United States is entitled to judgment against the Estate of Donald D. Karst for outstanding estate taxes because the IRS made a valid assessment that the defendants do not (and cannot) rebut. .

  **ii.**  **Judgment for Unpaid Tax against Karst pursuant to 26 U.S.C. § 6324(a)(2) (Count II).**  Karst is personally liable under 26 U.S.C. § 6324(a)(2) for the Estate's unpaid federal estate tax liability because as he admitted, all Estate assets were in the Trust; he is the trustee of the Trust,

he is  executor of the Estate; and that, on the date of Donald D. Karst's death, he had all the property that was included in the gross Estate under 26 U.S.C. §§ 2034 to 2042.

iii.     **Judgment for Unpaid Tax against Templeton pursuant to 26 U.S.C. § 6324(a)(2) (Count III).**  Templeton is personally liable under 26 U.S.C. § 6324(a)(2) for the Estate's unpaid federal estate tax liability for the same reasons as Karst.

b.  **Defendants' Defenses.**[1]

i.     **Statute of Limitations.**  As to all counts, this action is barred by 26 U.S.C. § 6502(a), which allows the Internal Revenue Service (IRS) to collect estate taxes only by levy or court proceedings within ten years after the tax has been assessed.

ii.     **Offer in Compromise.**  As to all counts, the United States violated the offer-in-compromise ("OIC") standard by not basing its OIC on defendants' reasonable collection potential.  The IRS may compromise a tax liability on the basis of doubt as to collectability when the taxpayer's assets and income are less than the full amount of the liability.  Additionally, the IRS has established guidelines and procedures for evaluating OICs, which include considering the taxpayer's basic living expenses and ensuring that the taxpayer has adequate means to provide for these expenses.  26 U.S.C. § 7122.

iii.     **Equitable Apportionment.**  As to all counts, the estate tax burden must be allocated pro rata to portions of the taxable estate that generated the tax liability.

5.     **DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

The United States seeks a judgment entered in its favor as follows:

a.     On Count I: against Karst, as Executor of the Estate of Donald D. Karst, for the unpaid balance of the self-reported estate tax, interest, and penalty assessments in the amount of $1,105,111.34, plus statutory additions that have and will continue accrue as allowed by law from June 30, 2025, until paid in full.

b.     On Count II: same, against Karst as personally liable to the United States under 26 U.S.C. § 6324(a)(2).

---

[1] The United States asserts that the affirmative defenses of offer in compromise and equitable recoupment are not applicable in this case.

    **c.**    On Count III: against Templeton as personally liable to the United States under 26 U.S.C. § 6324(a)(2).

**6.**    **AMENDMENTS TO PLEADINGS.**

None.

**7.**    **DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by July 14, 2025.  Discovery is complete.

Unopposed discovery may continue after the deadline to complete discovery so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations.  Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery.

**8.**    **MOTIONS.**

    **a.**    **Pending Motions.**

None.

    **b.**    **Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

    **i.**    Plaintiff intends to file a motion for summary judgment

The dispositive-motion deadline, as established in the scheduling order, is **August 15, 2025**.  The parties must follow the summary-judgment guidelines on the court's website:

*https://ksd.uscourts.gov/sites/ksd/files/Summary-Judgment-Guidelines%202023.pdf*

Principal briefs in support of, or in response to, summary judgment motions must not exceed 40 pages and replies must not exceed 15 pages.  *See* D. KAN. RULE 7.1(d)(2).  Any motion

to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4).

**c.**    **Motions Regarding Expert Testimony.**  The parties have stipulated that no expert testimony will be used in this case.

**9.    TRIAL.**

The trial docket setting, as established in the scheduling order is **May 5, 2026, at 9:00 a.m. in Topeka, Kansas**.  This case will be tried by the court sitting without a jury.  Trial is expected to take approximately 1-2 days.  The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial.  If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge may enter an order or convene another pretrial conference to set deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

**10.    ALTERNATIVE DISPUTE RESOLUTION (ADR).**

The United States remains open to negotiating a collectability-based settlement in this matter, but defendants have not made an offer that is supported by the financial documents required to justify a settlement.  The court had at one time scheduled this case for a settlement conference on March 25, 2025, but the court cancelled the conference because it would not be a productive use of the court and the parties' resources unless and until the defendants provide the United States with the documentation necessary for the government to consider a collectability-based settlement. (ECF 21.)  The parties currently believe the prospects for settlement of this case are poor and they

9

do not believe that further court-ordered ADR would be helpful.  Because defendants still have not provided the required documentation, the court agrees.

The parties are reminded that, under D. Kan. Rule 40.3, they must immediately notify the court if they reach an agreement that resolves the litigation as to any or all parties. Jury costs may be assessed under this rule if the parties do not provide notice of settlement to the court's jury coordinator at least one full business day before the scheduled trial date.

IT IS SO ORDERED.

Dated August 1, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U. S. Magistrate Judge