In the United States District Court
for the District of Kansas

———————————

Case No. 24-cv-04090-TC

———————————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

MONTY KARST, *INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE
OF DONALD D. KARST*, AND TODD ALAN TEMPLETON

*Defendants*

———————————

## MEMORANDUM AND ORDER

The United States brought this suit against Monty Karst and Todd Alan Templeton, seeking to recover unpaid federal estate taxes. Doc. 1. The Government alleges that Karst and Templeton are personally liable for the outstanding tax debt of the Estate of Donald D. Karst as trustees and beneficiaries who received estate property. *Id.* The Government now moves for summary judgment. Doc. 30. For the following reasons, that motion is granted.

## I

## A

Summary judgment is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it is necessary to resolve a claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). And disputes over material facts are "genuine" if the competing evidence would permit a reasonable jury to decide the issue in either party's favor. *Id.* Disputes—even hotly contested ones—over facts that are not essential to the claims are

1

irrelevant. *Brown v. Perez*, 835 F.3d 1223, 1233 (10th Cir. 2016). Indeed, belaboring such disputes undermines the efficiency Rule 56 seeks to promote. *Adler*, 144 F.3d at 670.

At the summary judgment stage, material facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* D. Kan. R. 56.1(a)–(c). To determine whether a genuine dispute exists, the court views all evidence, and draws all reasonable inferences, in the light most favorable to the nonmoving party. *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 839–40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine factual dispute by making allegations that are purely conclusory, *Adler*, 144 F.3d at 671–72, 674, or unsupported by the record. *See Scott v. Harris*, 550 U.S. 372, 378–81 (2007).

The moving party bears the initial burden of showing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues as to those dispositive matters remain for trial. *Celotex*, 477 U.S. at 324; *Savant Homes*, 809 F.3d at 1137.

But in a case such as this one where the moving party—the Government—will bear the burden of proof at trial on a particular issue, the moving party must meet "a more stringent summary judgment standard." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008); *see also Donner v. Nicklaus*, 778 F.3d 857, 876 (10th Cir. 2015) (discussing a movant with affirmative defenses). That standard requires the movant to "establish, as a matter of law, all essential elements of the issue." *Pelt*, 539 F.3d at 1280. Only then must the nonmovant "bring forward any specific facts alleged to rebut the movant's case." *Id.*

## B

This dispute concerns the recovery of unpaid federal estate taxes from the beneficiaries and trustees of the Estate of Donald D. Karst. The following facts are uncontroverted or, to the extent they were previously disputed, are established by the parties' stipulations in the Pretrial Order.

Donald D. Karst, a Kansas resident and owner of several oil and gas businesses, died on September 15, 2007.[1] Doc. 29 at ¶¶ 2(a)(i), 2(a)(ii), 2(a)(v). Prior to his death, he created the Donald D. Karst Revocable Trust on December 8, 1992, and transferred all of his then-owned property to it. *Id.* at ¶ 2(a)(iii). Karst intended for the Trust to own any property that he later acquired. *Id.* On the same day he created the Trust, Karst signed his last will and testament, which provided that any properties not owned by the Trust at the time of his death would be conveyed to it upon his death. *Id.* at ¶ 2(a)(iv).

Monty Karst and Todd Alan Templeton are the sons of Donald D. Karst and served as the co-trustees of the Trust at the time of his death. Doc. 29 at ¶ 2(a)(vi)–(vii). They are also the primary beneficiaries of both the Trust and the Estate. *Id.* at ¶ 2(a)(x). Monty Karst also serves as the executor of the Estate. *Id.* at ¶ 2(a)(viii).

Following their father's death, Karst and Templeton filed a Form 706 (United States Estate Tax Return) reporting a gross estate value of $3,975,487.44 and a self-reported estate tax liability of $792,790.75. Doc. 29 at ¶¶ 2(a)(xiii), 2(a)(xv). Relying on this return, a delegate of the Secretary of the Treasury made a valid assessment of the estate tax in the amount declared by Karst and Templeton. *Id.* at ¶ 2(a)(xix). Karst and Templeton subsequently elected to pay the estate tax in yearly installments as permitted under 26 U.S.C. § 6166. *Id.* at ¶¶ 2(a)(xx)–(xxi).

Although Karst and Templeton made the first several installments, they stopped making payments toward the Estate's tax liability after June 16, 2015. Doc. 29 at ¶¶ 2(a)(xxii), 2(a)(xxv). During the administration of the Estate and while the tax liability remained outstanding, Karst and Templeton distributed the Estate's assets—which were held in the Trust—to themselves as beneficiaries. *Id.* at ¶¶ 2(a)(xi)–(xii), 2(a)(xiv). As of June 30, 2025, the outstanding balance of the Estate's federal tax liability, including interest and penalties, was $1,105,111.34. *Id.* at ¶ 2(a)(xxx).

The United States filed this suit seeking a judgment to reduce the Estate's tax liability to a money judgment and to hold Monty Karst and Todd Alan Templeton personally liable for the unpaid taxes. Doc. 30

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

at 1. The Government asserts that Karst and Templeton are personally liable under 26 U.S.C. § 6324(a)(2) because they received or held property from the gross estate that was not used to satisfy the tax debt. Doc. 31 at 2, 14.

The Government now moves for summary judgment, claiming it is entitled to judgment against the Estate for unpaid taxes (Count I), personal liability against Monty Karst under Section 6324(a)(2) (Count II), and personal liability against Todd Templeton under Section 6324(a)(2) (Count III). *Id.* Karst and Templeton oppose the motion. Doc. 33.

## II

The Government has met its burden of establishing not only all essential elements to obtain relief on its claims, but also "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). And Karst and Templeton's counterarguments fail. Accordingly, the Government's summary judgment motion is granted.

## A

The parties' dispute implicates the Government's taxing authority and the rules appurtenant to it. Article I of the Constitution authorizes Congress to "lay and collect Taxes, Duties, Imposts and Excises." U.S. Const. art. I § 8, cl. 1. Pursuant to its taxing authority, Congress has enacted a variety of laws codified in Chapter 26 of the U.S. Code that authorize the Internal Revenue Service to lay and collect federal taxes. *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1187 (10th Cir. 2017).

The laying of taxes begins with an "assessment," which refers to the IRS's determination that a taxpayer owes the Government a certain amount of tax. *Keller Tank Servs.*, 854 F.3d at 1183–84. The IRS is authorized to make assessments by 26 U.S.C. § 6201(a). Assessments must be made within three years after a tax return is filed. 26 U.S.C. § 6501(a); *Omega Forex Grp., LC v. United States*, 906 F.3d 1196, 1205 (10th Cir. 2018).

Taxpayers must timely pay their assessed tax or incur penalties, fees, and interest. 26 U.S.C. § 6601. But there are a variety of methods by which taxpayers may seek relief regarding their tax liabilities, including collection due process hearings, tax court, installment agreements,

and offers-in-compromise. *See Keller Tank Servs.*, 854 F.3d at 1187; *Cropper v. Comm'r*, 826 F.3d 1280, 1283 (10th Cir. 2016).

Still, the IRS's assessments are presumptively correct, so the Government may rely on its assessments to prove its entitlement to judgment. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). This presumption of correctness also applies to the IRS's Certificates of Assessments and Payments, also known as Form 4340s, which identify the taxpayer and detail "the character of the liability assessed, the taxable period, . . . the amount of the assessment . . . [and] the date of assessment." *Ford v. Pryor*, 552 F.3d 1174, 1178–79 (10th Cir. 2008) (citations omitted); *Guthrie v. Sawyer*, 970 F.2d 733, 737–38 (10th Cir. 1992).

Once a tax has been assessed, the IRS generally has ten years to begin collection by levy or court proceeding. 26 U.S.C. § 6502(a)(1); *see United States v. Holmes*, 727 F.3d 1230, 1233–34 (10th Cir. 2013). The ten-year period is tolled while the IRS is prohibited from making a levy. For example, the IRS may not make a levy while an offer-in-compromise is pending or within 30 days after any rejection or appeal of a rejection, 26 U.S.C. §§ 6331(i)(5), (k)(1), or while a collection due process hearing and associated appeals are pending, 26 U.S.C. § 6330(e)(1). *See United States v. West*, No. 22-232, 2023 WL 6390485, at *4 (D.N.H. Sept. 5, 2023). In other words, the IRS's ten-year collection period is extended by the number of days that these tolling events are pending. 26 U.S.C. § 6330(e)(1); *see United States v. Dawes*, 161 F. App'x 742, 747 (10th Cir. 2005) (applying this rule). The Government bears the burden of showing that its collection period was tolled. *United States v. Simons*, 129 F.3d 1386, 1389 (10th Cir. 1997).

**B**

The Government has proven it is entitled to summary judgment to collect the assessed taxes. It has satisfied its burdens regarding the assessment and timeliness of its collection action against the Estate and established that Karst and Templeton are responsible for the Estate's liabilities.

**1**

To obtain a judgment against the Estate, the Government must satisfy two key burdens. First, the Government must show the amount owed by the Estate and that proper evidence supports its calculation of that amount, which it may do by filing certificates of assessment and other documents providing its assessment. *Ford*, 552 F.3d at 1178–79. Second, the Government must show it timely filed the collection action. 26 U.S.C. § 6502(a)(1); *see also Holmes*, 727 F.3d at 1233–34.

The Government has satisfied both burdens. Concerning the amount owed, the Government has established the Estate has an outstanding liability of $1,105,111.34 as of June 30, 2025. The parties stipulated to the admissibility of the IRS Form 4340, Doc. 29 at ¶ 2(b)(ix), and the balance due computation from the IRS Revenue Officer, *id.* at ¶ 2(b)(x). The Form 4340 shows that the initial tax liability was $792,790.75. Doc. 32-12 at 2. The Form 490 and IRS Revenue Officer affidavit show that the outstanding tax liability—accounting for penalties and interest—was $1,105,111.34 as of June 30, 2025. Docs. 32-13 at 2; 32-14 at 4. The parties stipulated to these amounts. Doc. 29 at ¶¶ 2(a)(xv), 2(a)(xxx). And they enjoy a presumption of correctness. *See Fior D'Italia, Inc.*, 536 U.S. at 242 ("An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness."); *see also Ford*, 552 F.3d at 1179 ("Form 4340[ ] is 'presumptive proof of a valid assessment.'"); *United States v. Schwartz*, 615 F. Supp. 3d 184, 188 (E.D.N.Y. 2022) ("[T]ax calculations (including calculations of interest and penalties) are presumptively valid and create a prima facie case of liability.").

The Government also satisfies its timeliness burden. Karst and Templeton argue that the statute of limitations has run on the Government's right to collect from the Estate. Doc. 29 at § 4(b).[2] They are wrong. While the Government generally has ten years to collect estate

---

[2] Because the Government does not argue to the contrary, it is assumed that Karst and Templeton have authority to assert arguments on behalf of the Estate. They have served as co-executors of the Estate, Doc. 29 at ¶ 2(b)(viii), which authorizes them to act in that representative capacity. *See generally* Fed. R. Civ. P. 17(b)(noting that capacity to be sued in a representative capacity is determined by state law); Kan. Stat. Ann. § 59-701(noting that letters testamentary are granted to executors).

taxes from a decedent's estate, 26 U.S.C. § 6502(a)(1), the ten-year limitations period was suspended here pursuant to 26 U.S.C. § 6503(d) because the Estate made a deferment election pursuant to 26 U.S.C. § 6166. Doc. 29 at ¶ 2(a)(xxix). When an estate elects to pay in installments under Section 6166, the limitations period is suspended until the IRS terminates the election. 26 U.S.C. § 6503(d); *United States v. Johnson*, 920 F.3d 639, 645–47 (10th Cir. 2019). Thus, the Section 6166 election shifts the deadline to ten years after the IRS's termination of the election, *id.*, which in this case occurred on May 10, 2018. Doc. 29 at ¶ 2(a)(xxvii). This results in an extended deadline of May 8, 2028, which means that the statute of limitations did not preclude the Government's filing of this suit on September 10, 2024. *See Johnson*, 920 F.3d at 645–47.

### 2

The Government claims Karst and Templeton are personally liable for the Estate's tax debt. Doc. 31 at 12–13. Section 6324(a)(2) makes recipients of estate property—including spouses, transferees, trustees, and beneficiaries—personally liable for unpaid estate taxes. 26 U.S.C. § 6324(a)(2). This personal liability extends "to the extent of the value, at the time of the decedent's death, of such property." *Id.*; *see also Johnson*, 920 F.3d at 645.

The parties' stipulations establish each element required for personal liability under Section 6324(a)(2). The estate tax was assessed and remains unpaid. Doc. 29 at ¶ 2(a)(xix) (the Government assessed an estate tax on September 1, 2008); *id.* at § 2(a)(xxx) (as of June 30, 2025, $1,105,111.34 remains unpaid). On the date of Donald D. Karst's death, Karst and Templeton were co-trustees of the Trust. Doc. 29 at ¶ 2(a)(viii). As trustees, they held legal title to all Estate property. *Id.* at ¶ 2(a)(xiv) (stipulating that "[a]ll the Estate assets were in the Trust"). Karst and Templeton were "the primary beneficiaries of the Trust and the Estate." Doc. 29 at ¶ 2(a)(x). They received substantial assets from the Estate, including oil and gas leases valued at approximately $2.7 million. *Id.* at ¶¶ 2(a)(xi)–(xii). The property they received was included in the gross estate. The Estate's Form 706 reported a gross estate value of $3,975,487.44. *Id.* at ¶ 2(a)(xiii). Assets held in a revocable trust are included in the decedent's gross estate. 26 U.S.C. § 2038; *see also* Doc. 29 at ¶ 2(a)(xiv). Karst and Templeton distributed estate property to themselves without fully paying the tax. And acknowledging this debt, they made partial payments but eventually stopped paying in June 2015 while a substantial balance remained. Doc. 29 at ¶¶ 2(a)(xxii), 2(a)(xxv).

Finally, they then distributed estate assets to themselves but have not yet retired that tax liability. Doc. 31 at 13–14.

Satisfying these elements makes Karst and Templeton jointly and severally liable. Personal liability under Section 6324(a)(2) is joint and several among all transferees. *Johnson*, 920 F.3d at 645. Each of Karst and Templeton is liable "to the extent of the value, at the time of the decedent's death, of such property" received. 26 U.S.C. § 6324(a)(2). Because the total value of property they received as trustees and beneficiaries ($3,975,487.44) exceeds the outstanding tax liability ($1,105,111.34), each of Karst and Templeton is personally liable for the full amount. *See Johnson*, 920 F.3d at 645.

\* \* \*

Because the Government has satisfied its burdens, the burden shifts to Karst and Templeton to overcome the presumed validity of the IRS's assessments. *Guthrie*, 970 F.2d at 737–38 ("If a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the [IRS's assessments] to conclude that valid assessments were made"); *see also United States v. Jones*, No. 23-5112, 2024 WL 2890978, at \*2 (10th Cir. June 10, 2024) (applying this rule in affirming district court's summary judgment decision in favor of the Government). Karst and Templeton have not done so. In fact, Karst and Templeton do not contest their personal liability at all. They have not argued that they are not personally liable under Section 6324(a)(2). They do not dispute that they were trustees and beneficiaries. Doc. 29 at ¶¶ 2(a)(viii), 2(a)(x). Nor do they dispute that they received estate property. *Id.* at ¶¶ 2(a)(xi)–(xii). And they do not dispute that all estate assets were in the Trust and that they distributed those assets to themselves. *Id.* at ¶ 2(a)(xiv); Doc. 31 at 13–14. Put simply, there is no factual basis to believe anything but what the stipulations establish. As a result, no triable issue remains and the Government is entitled to judgment as a matter of law on all three counts.

## C

Karst and Templeton's response fails to undermine the Government's request for summary judgment. They fail to establish the presence of a genuine dispute of material fact or identify any argument that precludes the Government's entitlement to judgment as a matter of law.

Karst and Templeton primary argument is that the gross estate value and current balance due are insufficiently supported. Doc. 33 at 2–4. They do not argue that the amounts identified by the Government are inaccurate. Rather, their objection is based on a belief that the Government provides only "minimal information," *id.* at 2, and "fails to [properly] state the debt with a distinct breakdown of interest and penalties which would be required for summary judgment," *id.* at 3.

Karst and Templeton's argument fails for multiple reasons. For one, Karst and Templeton stipulated to the amount of the tax deficiency, and to the admissibility of the underlying exhibits supporting these amounts and values they now seek to contest. Doc. 29 at ¶ 2(a)(xiii) & ¶ 2(b). Those stipulations are judicial admissions that bind the parties and preclude the argument now being made. *MVT Servs., LLC v. Great W. Cas. Co.*, 118 F.4th 1274, 1286 (10th Cir. 2024); *see also Prager v. Campbell Cnty. Mem'l Hosp.*, 731 F.3d 1046, 1056 (10th Cir. 2013) (noting that "unless the court modified its pretrial order, the parties are bound to its contents and may not contradict its terms"); *United States v. Koleski*, 33 F. App'x 471, 472 (10th Cir. 2002) ("A defendant's stipulation waives any challenge contrary to the stipulation.").

For another, they fail to controvert the Government's facts as Rule 56 requires. Take the Government's assertion of the gross estate's specific value, where it identified the specific value of the Estate and cited, as support, the Form 706 reflecting that amount, the parties' stipulation in the Pretrial Order concerning the same, and Karst and Templeton's response to a request for production admitting to the same. Doc. 31 at 5, ¶ 18. Karst and Templeton attempt to controvert that assertion by offering a statement that the calculation might be inaccurate, but fail to confront the substance of the Government's specific and supported assertion with any evidence such as affidavit, exhibit, stipulation, deposition testimony, or contrary evidence in the record to create a factual dispute. Doc. 33 at 2, ¶ 18; *see also id.* at 3, ¶ 37 (failing to support in a similar fashion). That will not do. Fed. R. Civ. P. 56(c)(1) (requiring a party asserting a genuine dispute to support that contention with a citation to evidence); *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1131 (10th Cir. 2024).

Karst and Templeton also cite three non-binding cases to argue that "that the [Government's] failure to provide a clear breakdown of the debt amount, including interest and penalties, can preclude summary judgment." Doc. 33 at 2 (citing *In re Vann,* 321 B.R. 734 (Bankr.

W.D. Wash. 2005); *In re Wright,* 19 B.R. 271 (Bankr. D. Mass. 1982); *United States v. Billheimer*, 197 F. Supp. 2d 1051 (S.D. Ohio 2002)). Leaving aside the foregoing failures, these cases are inapposite in that they principally concern the amount of liability (which Karst and Templeton have admitted by stipulation) and two of them concern an entirely different issue (a creditor's proof of claim in a bankruptcy proceeding). Put simply, they have identified no basis to disregard the Government's evidence or entitlement to judgment as a matter of law.

Finally, Karst and Templeton preserved three affirmative defenses in the Pretrial Order. Doc. 29 at ¶ 4(b). But they did not raise these in response to the Government's motion for summary judgment, so they are deemed abandoned. As a result, they are waived and disregarded for purposes of summary judgment. *See Digital Ally, Inc. v. Utility Associates, Inc.*, 882 F.3d 974, 977 (10th Cir. 2018) (concluding a failure to address an alternate bases in a dispositive motion "amounts to a concession"); *see also Hinsdale v. City of Liberal*, 19 F. App'x 749, 768-69 (10th Cir. 2001) (affirming summary judgment on nonmovant's claims because he abandoned his claims "by failing to address them in his response to [movants'] motion for summary judgment").

### III

For the foregoing reasons, the Government's Motion for Summary Judgment, Doc. 30, is GRANTED.

Judgment shall enter as follows:

A. Against the Estate of Donald D. Karst, for $1,105,111.34 as of June 30, 2025, plus statutory additions that have and will continue to accrue as allowed by law until paid in full;

B. Against Monty Karst and Todd Alan Templeton as jointly and severally liable under 26 U.S.C. § 6324(a)(2), for the same amount.

Unless the parties submit a proposed agreed judgment reflecting the charges and interest that continue to accrue by 5:00 PM on March 6, 2026, the parties shall appear for an in-person hearing to resolve that language at 11:30 AM on March 10, 2026, in Courtroom 401, Frank Carlson Federal Building and U.S. Courthouse, Topeka, Kansas.

It is so ordered.


Date: February 27, 2026          <u>  s/ Toby Crouse              </u>
                                 Toby Crouse
                                 United States District Judge